# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JOHN STEVEN RILEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:11-CV-489-TLS |
| | ) | |
| SUPERINTENDENT, MIAMI CORRECTIONAL FACILITY, | ) ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

On December 20, 2011, Petitioner John Steven Riley filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1] challenging his 1968 conviction in the Lake Superior Court for murder in the perpetration of an attempted robbery, for which he was sentenced to life imprisonment. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

This is not the first time that the Petitioner has brought a habeas corpus petition challenging his 1968 conviction for murder. In *Riley v. Parke*, 3:95-CV-010 (N.D. Ind. filed January 5, 1995), Riley sought to challenge the same conviction he is challenging here. The court found that the petition was procedurally defaulted and final judgment was entered on August 15, 1995. *Id.* at ECF No. 21. More recently, Riley brought a second petition for writ of habeas corpus challenging his 1968 conviction in *Riley v. Superintendent, Miami Correctional Facility*, 3:11-CV-465 (N.D. Ind. filed December 8, 2011). The Court dismissed that petition on December 9, 2011, for want of jurisdiction because it was a second or successive petition. *Id.* at

ECF No. 2.

Regardless of whether the claims Riley is now attempting to present are new or whether they were presented in his previous petition, this petition must be dismissed because this Court lacks jurisdiction to consider his claims. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Therefore, any claims previously presented must be dismissed. Any claim not previously presented must also be dismissed because "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3). Here, Riley has not obtained an order from the Seventh Circuit permitting him to proceed with any previously unpresented claims. "A district court *must* dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). Therefore, any previously unpresented claims must also be dismissed.

For the foregoing reasons, the Petition [ECF No. 1] is DISMISSED for want of jurisdiction.

SO ORDERED on January 9, 2012.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION